UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JACOB A. FAWFAW #511339,

       Plaintiff,                                                                                 Case No. 2:18-CV-77

v.                                                                                              HON. GORDON J. QUIST

UNKNOWN OBIDEN, et al.,

       Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner, Jacob A. Fawfaw, pursuant to 42 U.S.C. § 1983. On January 22, 2020, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R. & R.), recommending that the Court grant Defendants' Motion for Summary Judgment. (ECF No. 52.) Although Fawfaw did not file objections to the R. & R., he filed a "Motion to Alter or Amend this Judgment." (ECF No. 53.) Because the Court has not entered a final judgment in this matter, the Court will construe this motion as objections.

Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R. & R., the objections, and the pertinent portions of the record, the Court concludes that the R. & R. should be adopted.

In his one-page motion, Fawfaw states that "justice requires that a trial date be set." (ECF No. 58 at PageID.243.) He contends that "there is still room for discovery and cross examination

due to the fact that there are many missing pieces to the truth." (*Id.*) According to Fawfaw, the only evidence that he has in his possession shows "obvious[ly] something malicious happened." (*Id.*)

The allegations in this case are certainly troubling. Fawfaw alleges that two corrections officers encouraged him to commit suicide instead of getting him medical attention. But Fawfaw did not submit any evidence to support his allegations and discovery ended in April 2019. The only evidence in the record establishes that Fawfaw was monitored and treated by medical staff and other prison officials. Notably, Fawfaw does not dispute any specific portion of the R. & R. He does not dispute that "the medical records show that prison staff other than the named Defendants treated Fawfaw's physical injuries and assessed his risk for suicide or self-harm." (ECF No. 52 at PageID.239.) Nor does he dispute that "the named defendants cannot be deliberately indifferent to Fawfaw's serious medical needs when Fawfaw was receiving treatment by medical staff who are not named as defendants." (*Id.*) Because there is no genuine issue of material fact, the Court will adopt the R. & R.

IT IS HEREBY ORDERED that the January 22, 2020, Report and Recommendation (ECF No. 52) is **adopted** as the Opinion of the Court.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (ECF No. 41) is **GRANTED**, and Plaintiff's Motion to Alter or Amend this Judgment is **DENIED**. (ECF No. 53.) Therefore, Plaintiff's claims against Defendants are **dismissed with prejudice**.

This case is **concluded**.

A separate judgment will enter.

Dated: March 23, 2020 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE